NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1476

COMMONWEALTH

vs.

JOSE L. GOMES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Jose Gomes, appeals from his conviction of assault and battery causing serious bodily injury. The defendant was charged after he bit off part of the victim's ear during a fight. At trial, the defendant called a percipient witness who testified that the victim punched the defendant first. On appeal, the defendant maintains that the prosecutor's cross-examination of this witness impermissibly shifted the burden of proof, creating "urgent circumstances" that required a mistrial. We affirm.

"We review the denial of a motion for a mistrial for abuse of discretion." Commonwealth v. Martinez, 476 Mass. 186, 197 (2017), citing Commonwealth v. Lao, 460 Mass. 12, 19 (2011).

"[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). "[A] trial judge is in the best position to determine whether a mistrial, an extreme measure available to a trial judge to address error, is necessary" (citation omitted). Commonwealth v. Santana, 477 Mass. 610, 626 (2017).

"As a general rule, a 'prosecutor . . . cannot make statements that shift the burden of proof from the Commonwealth to the defendant.'" Commonwealth v. Johnson, 463 Mass. 95, 112 (2012), quoting Commonwealth v. Amirault, 404 Mass. 221, 240 (1989). "Such burden shifting typically arises where a prosecutor . . . calls the jury's attention to the defendant's failure to call a witness or witnesses, or . . . to contradict testimony" (quotations and citations omitted). Johnson, supra.

During cross-examination, the prosecutor sought to impeach the defendant's witness by eliciting testimony that the witness had not come forward with potentially exculpatory information before the first day of trial. After establishing that the witness had not told anyone earlier about the victim's striking

2

the defendant, the prosecutor asked the witness whether "anyone" had said, before the first day of trial, that the victim hit the defendant.

Before the witness could respond, the judge called the parties to sidebar and told the prosecutor that the question suggested that the defendant "should have said something." The judge sustained the defendant's objection and warned the prosecutor to be careful with her line of questioning.

The prosecutor next elicited testimony that the witness did not report the exculpatory information sooner because he "didn't want to get involved." She then asked the witness how he knew when to come to court. The judge cut off the witness's answer, cautioned the prosecutor again at sidebar, and limited the response to "the defendant asked [the witness] to come." The defense then moved for a mistrial, which the judge denied.[1]

The prosecutor's questions were proper cross-examination. The challenged questions appropriately probed the witness's credibility in a situation where he could reasonably have been expected to come forward sooner with any exculpatory evidence. See Commonwealth v. Hart, 455 Mass. 230, 238 (2009); cf.

---

[1] The defendant did not renew his motion for a mistrial, and we consider only the evidence that was before the judge at the time his motion was made. See Commonwealth v. Torres, 453 Mass. 722, 736 (2009).

3

Commonwealth v. Ivy, 55 Mass. App. Ct. 851, 859 (2002) (cross-examination of defendant about failure to produce exculpatory evidence did not shift burden of proof).  The judge's careful rulings on objections excluded questions that suggested the "defendant has an affirmative duty to bring forth evidence of his innocence, thereby lessening the Commonwealth's burden to prove every element of a crime" (citation omitted).  Johnson, 463 Mass. at 112.  The jury are presumed to follow the judge's instructions and to disregard questions to which an objection was sustained.  See Commonwealth v. Watkins, 425 Mass. 830, 840 (1997), citing Commonwealth v. Albert, 391 Mass. 853, 859 (1984).  We discern no error.

Judgment affirmed.

By the Court (Sacks, Hershfang & Tan, JJ.[2]),

Clerk

Entered:  June 20, 2025.

---

[2] The panelists are listed in order of seniority.

4